## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**MARY ANN MCCONNELL**,
as personal representative of the
**ESTATE OF MICHAEL GRIFFIN**,
a minor child, deceased, and
**DEBORAH SHARPFISH**,
individually,

        Plaintiffs,

    vs.                                 No.   **CIV-02-232 MCA/LAM**

**GLENN'S TRUCKING SERVICE**,
a Missouri Corporation,
**LIBERTY MUTUAL COMPANY**,
a Massachusetts Corporation,
**ROBERT SPLECHTER**, an Illinois resident,
individually and as agent/employee/representative
of Glenn's Trucking Service, and
**JOHN DOE INSURANCE COMPANY**,
insurer of Robert Splechter, and
**NATHANIEL GRIFFIN**,

        Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court pursuant to *Plaintiff Deborah Sharpfish's Motion for Summary Judgment on Second Amended Complaint* [Doc. No. 48] filed on November 6, 2003; Defendant Nathaniel Griffin's *Motion to Suppress Affidavits on Grounds of False Material in Affidavit* [Doc. No. 52] filed on December 15, 2003; and Plaintiff Sharpfish's *Motion for Expedited Decision* [Doc. No. 53] filed on January 16,

2004.  Having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court **grants** Plaintiff Sharpfish's motion for summary judgment against Defendant Griffin, **denies** Defendant Griffin's motion to suppress Plaintiff Sharpfish's affidavits, and **denies as moot** Plaintiff Sharpfish's motion for an expedited decision for the reasons set forth below.

I.       **BACKGROUND**

The history of this litigation is summarized in the Court's *Order* [Doc. No. 45] filed on May 28, 2003.  Pursuant to that *Order*, Plaintiff Sharpfish filed a *Second Amended Complaint for Declaratory and Equitable Relief* against Defendant Griffin [Doc. No.46] on June 3, 2003.  Plaintiff Sharpfish subsequently filed a motion for summary judgment against Defendant Griffin [Doc. No. 48] and a motion for an expedited decision [Doc. No. 53].

In these pleadings, Plaintiff Sharpfish asserts that Defendant Griffin is not entitled to any share of the settlement proceeds resulting from the wrongful-death action regarding their deceased biological son, Michael Griffin, because Defendant Griffin failed to fulfill his responsibilities as a father.  Michael Griffin was born on November 20, 1984, and died in an automobile accident in New Mexico on November 6, 1999  Plaintiff Sharpfish contends that Defendant Griffin was absent during most of Michael Griffin's life, provided no emotional or financial support to the child, and was abusive toward the child and other family members during the brief periods when he was present in the family home.  In particular, Plaintiff Sharpfish has presented evidence that Defendant Griffin raped his

daughter (Michael Griffin's sister) on August 14, 1993, in the presence of Michael Griffin.

Defendant Griffin was convicted of rape and incest for these actions.  He is currently serving

ten years of a twenty-year sentence at Ware State Prison in Georgia.  Plaintiff Sharpfish and

Defendant Griffin were divorced on June 28, 1995, with Plaintiff Sharpfish receiving custody

of the minor children, including Michael Griffin, and Defendant Griffin receiving no

visitation privileges.  [Ex. 1-12 to Pl.'s Mem.]

     Defendant Nathaniel Griffin's responsive pleadings in this action consist of the

*Motion to Intervene of Nathaniel Griffin* [Doc. No. 47] filed on July 21, 2003; the *Motion*

*to Suppress Affidavits on Grounds of False Material in Affidavit* [Doc. No. 52] filed on

December 15, 2003; and the *Cause Not to Grant Motion for Expedited Decision* [Doc. No.

54] filed on February 6, 2004.  The Court previously denied the motion to intervene on the

grounds that it was moot.  [Doc. No. 55.]  In light of Defendant Griffin's *pro se* status,

however, all of his responsive pleadings are being considered by the Court in ruling on

Plaintiff Sharpfish's motion for summary judgment.

     In these pleadings, Defendant Griffin has presented evidence that Michael Griffin sent

him a letter in August 1999 and visited him in prison at least one time in 1996.  [Ex. 1, 2 to

Deft.'s *Cause Not to Grant Motion for Expedited Decision*; Ex. A to Deft.'s *Motion to*

*Suppress*; Ex. 1 to Deft.'s *Motion to Intervene*.]  He also has filed an affidavit with his

*Motion to Intervene* in which he denies some of Plaintiff Sharpfish's allegations and asserts

that Plaintiff Sharpfish was an unfit parent.

II.   **ANALYSIS**

A.   **Standard of Review**

Summary judgment under Fed. R. Civ. P. 56(c) "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ." Fed. R. Civ. P. 56(e). Rather, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Id.; see Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670-72 (10th Cir. 1998).

In order to warrant consideration by the Court, the factual materials accompanying a motion for summary judgment must be admissible or usable at trial (although they do not necessarily need to be presented in a form admissible at trial). See Celotex, 477 U.S. at 324. Thus, the Court only considers affidavits that set forth facts "based on personal knowledge" which "would be admissible in evidence; conclusory and self-serving affidavits are not sufficient" to defeat or support a motion for summary judgment. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). Similarly, "[h]earsay testimony cannot be considered" in ruling on a summary-judgment motion. Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995); see also Starr v. Pearle Vision, Inc., 54 F.3d 1548, 1555 (10th Cir. 1995). The Court may, however, consider admissions by a party opponent, see Fed. R. Evid. 801(d)(2),

-4-

statements admissible for the limited purpose of showing their effect on the listener, <u>see</u> <u>Faulkner v. Super Valu Stores, Inc.</u>, 3 F.3d 1419, 1434 (10th Cir. 1993), statements which constitute verbal acts or operative facts because legal consequences flow from their utterance, <u>see</u> <u>Echo Acceptance Corp. v. Household Retail Servs., Inc.</u>, 267 F.3d 1068, 1087 (10th Cir. 2001), and other statements which fall under an exception to the hearsay rule, <u>see, e.g.</u>, Fed. R. Evid. 803(3) (allowing for consideration of statements as circumstantial proof of the knowledge, intent, or state of mind of the declarant).

Apart from these limitations imposed by the Federal Rules of Evidence, it is not the Court's role to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment. Rather, the Court assumes the evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor. <u>See</u> <u>Hunt v. Cromartie</u>, 526 U.S. 541, 551-52 (1999).

### B. <u>Defendant Griffin's Motion to Suppress Affidavits</u>

Defendant Griffin has filed a motion seeking to suppress or exclude the affidavits of Plaintiff Sharpfish and two of her daughters which were submitted in support of the motion for summary judgment. As grounds for this motion, Defendant Griffin asserts that Plaintiff Sharpfish is "trying to use the Affidavit as a deposition" and "to show bad character of Defendant." He also asserts that the affidavits are false, unreliable, defective on their face, not authentic, and are "nothing but hearsay." [Doc. No. 52.]

The Court concludes that these assertions by Defendant Griffin do not warrant suppressing or excluding the affidavits from consideration with regard to Plaintiff Sharpfish's motion for summary judgment. Fed. R. Civ. P. 56(e) expressly provides for the use of affidavits in support of a motion for summary judgment, and there is no evidence that the affidavits were filed in bad faith. See generally Lantec, Inc. v. Novell, Inc., 306 F.3d 1003, 1019 (10th Cir. 2002) (reviewing requirements for affidavits under Fed. R. Civ. P. 56(e)). Further, the affidavits contain statements based on personal knowledge that are relevant to Defendant Griffin's past treatment of Michael Griffin. For these reasons, Defendant's motion to suppress the affidavits is denied.

### C.   **Plaintiff Sharpfish's Motion for Summary Judgment**

New Mexico's wrongful-death statute states, in relevant part, that "if the deceased is a minor, childless and unmarried, then" the proceeds of a wrongful death action shall be distributed "to the father and mother who shall have an equal interest in the judgment, or if either of them is dead, then to the survivor." N.M. Stat. Ann. § 41-2-3(D). Thus, the proceeds from a wrongful death claim "do not become part of or pass through the decedent's estate as such." Aranda v. Camacho, 1997-NMCA-010, ¶ 2, 122 N.M. 763, 931 P.2d 757.

Because the proceeds in a wrongful-death action are recovered for the benefit of the statutory beneficiaries rather than the decedent's estate, the statutory beneficiaries are more akin to parties to the litigation, against whom certain defenses (such as contributory negligence) may be asserted. See Baca v. Baca, 71 N.M. 468, 473-75, 379 P.2d 765, 768-70 (1963). More specifically, the New Mexico Court of Appeals has indicated that a parent

seeking to recover settlement proceeds as a statutory beneficiary of a wrongful-death action is not precluded "from bringing a separate action for a declaratory judgment and other appropriate equitable relief or from bringing a separate suit against the personal representative as the statutory trustee to recover his claimed share of the judgment or settlement proceeds." Dominguez v. Rogers, 100 N.M. 605, 609, 673 P.2d 1338, 1342 (Ct. App. 1983). "If he pursues his claim and proves that he is in fact the natural father, the personal representative may present evidence of abandonment and non-support. Proof of natural parent status is not necessarily sufficient for recovery under the wrongful death statute." Id. at 609, 673 P.2d at 1342.

　　　The Dominguez court also stated that it "would take a narrow view of a self-interested individual who chooses to assert a parental status only when it becomes financially profitable to him following the death of a small child." Id. This statement accords with the majority view, expressed in subsequent opinions by the New Mexico Court of Appeals and by courts in other states, that a biological parent who has abandoned or failed to support his or her child does not have the right to receive the proceeds of a wrongful-death action involving his or her deceased child under these circumstances. See Perry v. Williams, 2003-NMCA-084, ¶¶ 13-28, 133 N.M. 844, 70 P.d 1283, cert. denied, 134 N.M. 123, 73 P.3d 826 (2003); In re Estate of Sumler, 2003-NMCA-030, ¶ 33, 133 N.M. 319, 62 P.3d 776; Sapp v. Solomon, 314 S.E. 2d 878, 879 (Ga. 1984); see generally Emile F. Short, Annotation, Parent's Desertion, Abandonment, or Failure to Support Minor Child as Affecting Right or Measure of Recovery for Wrongful Death of Child, 53 A.L.R.3d 566 (1973) ("The overwhelming weight of

authority is that a parent's desertion or abandonment or failure to support his minor child precluded recovery of damages for the wrongful death of such child.").

Under New Mexico's statutory scheme, it appears that the recommended procedure for resolving a dispute of this nature is to allow the statutory beneficiaries (i.e., the parents) and/or the personal representative to bring a civil action for declaratory and/or equitable relief in order to determine their respective rights and duties regarding distribution of the proceeds of the wrongful death action.  See Perry, 2003-NMCA-084, ¶ 3; Dominguez, 100 N.M. at 609, 673 P.2d at 1342.  Inasmuch as Plaintiff Sharpfish and Mr. Griffin are of diverse citizenship, and the amount in controversy is more than $75,000, this Court has subject-matter jurisdiction over such an action.  See 28 U.S.C. § 1332.  In the alternative, the Court may exercise supplemental jurisdiction over this type of claim for declaratory relief under 28 U.S.C. § 1367.

Such a procedure contemplates providing each parent with notice and a reasonable opportunity to be heard.  In this case, the Court determines that the amendment of Plaintiff's complaint to add Defendant Griffin as a party, coupled with the subsequent briefing on Plaintiff Sharpfish's motion for summary judgment (including consideration of all responsive pleadings filed by Defendant Griffin), satisfies these requirements and provides all the process that is due.  See  D.N.M. LR-Civ. 7.8(a) ("A motion will be decided on the briefs unless the Court sets oral argument."); Cruz v. Melecio, 204 F.3d 14, 19 (1st Cir. 2000) ("There is  nothing fundamentally unfair about the summary judgment process, nor does the

absence of an opportunity to supplement written submissions with oral advocacy constitute a denial of due process.").

Turning to the merits of the summary-judgment motion, the Court concludes that Plaintiff Sharpfish has submitted evidence which establishes a *prima facie* case of the type of abandonment, desertion, or non-support that would preclude Defendant Griffin from recovering any damages (or settlement proceeds) for the wrongful death of Michael Griffin. Consequently, in order to avoid summary judgment, Defendant Griffin "may not rest upon the mere allegations or denials of [his] pleading." Fed. R. Civ. P. 56(e). Rather, he must come forward with affidavits or other evidence which "set forth specific facts showing there is a genuine issue for trial." Id.; see Adler, 144 F.3d at 670-72.

Stripped of the allegations which are conclusory, vague, or lacking in foundation, the evidence presented by Defendant Griffin in this case only shows a few sporadic efforts to interact with Michael Griffin in a positive way during the child's fourteen-year lifetime. For example, there is evidence that Defendant Griffin received a letter from Michael Griffin in August 1999 and visited him in prison at least one time in 1996. [Ex. 1, 2 to Deft.'s *Cause Not to Grant Motion for Expedited Decision*; Ex. A to Deft.'s *Motion to Suppress*; Ex. 1 to Deft.'s *Motion to Intervene*.] These few sporadic contacts do not support a reasonable inference that Defendant Griffin provided the child with the quality and quantity of support that would rebut Plaintiff Sharpfish's *prima facie* showing of abandonment or raise a genuine issue of material fact about the parent's desertion or disregard of his parental responsibilities. Cf. In re Adoption of J.J.B., 119 N.M. 638, 648, 894 P.2d 994, 1004 (1995) (setting forth

New Mexico's "objective evidentiary definition of abandonment that focuses on the effect of the parent's conduct on the child").

Defendant Griffin also has not come forward with specific evidence to rebut Plaintiff Sharpfish's *prima facie* showing that Michael Griffin was subjected to abuse by Defendant Griffin during the brief periods that Defendant Griffin resided with the child and other family members. This history of abuse, which includes criminal convictions for rape and incest perpetrated upon Michael's sister, further supports the inference that the effect of Defendant Griffin's conduct on Michael was not supportive and that Defendant Griffin bears responsibility for the disintegration of his relationship with the child. For these reasons, the Court concludes that there is no genuine issue of material fact which would defeat summary judgment on this claim. Accordingly, Defendant Griffin is precluded from recovering any damages (or settlement proceeds) as a statutory beneficiary in the wrongful-death action involving Michael Griffin. See Perry, 2003-NMCA-084, ¶¶ 5-6, 28; Dominguez, 100 N.M. at 609, 673 P.2d at 1342.

## III.   CONCLUSION

For the foregoing reasons, Defendant Griffin's motion to suppress Plaintiff Sharpfish's affidavits is denied, and Plaintiff Sharpfish's motion for summary judgment against Defendant Griffin is granted. In light of these rulings, Plaintiff Sharpfish's motion for an expedited decision is denied as moot.

**IT IS, THEREFORE, ORDERED** that *Plaintiff Deborah Sharpfish's Motion for Summary Judgment on Second Amended Complaint* [Doc. No. 48] is **GRANTED** as follows:

1.      The Court declares that Defendant Nathaniel Griffin's desertion, abandonment, or failure to support his minor child, Michael Griffin, precludes Defendant Griffin from recovering any damages for the wrongful death of Michael Griffin under the New Mexico Wrongful Death statute; and

2.      All settlement proceeds for the wrongful death of Michael Griffin under the New Mexico Wrongful Death statute are to be distributed to Plaintiff Deborah Sharpfish as parent and guardian of Michael Griffin.

**IT IS FURTHER ORDERED** that Defendant Nathaniel Griffin's *Motion to Suppress Affidavits on Grounds of False Material in Affidavit* [Doc. No. 52] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Sharpfish's *Motion for Expedited Decision* [Doc. No. 53] is **DENIED AS MOOT**.

**SO ORDERED**, this 30th day of March, 2004, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge

-11-